Salvador MARGIOTTA, Petitioner,

v.

RAILROAD RETIREMENT BOARD, Respondent.

No. 82–4375
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 25, 1983.

Catherine Leary, New Orleans, La., for petitioner.

Dale G. Zimmerman, Chicago, Ill., General Counsel, Railroad Retirement Bd., Edward S. Hintzke, Evanston, Ill., for respondent.

Petition for Review of an Order of the Railroad Retirement Board.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

On this appeal from the decision of the Railroad Retirement Board, Salvador Margiotta, who now receives a disability annuity, contends that the Board incorrectly calculated the amount of the annuity. The issue is one of statutory interpretation. We affirm the Board's reading of the Act.

Section 3(f)(3) of the Railroad Retirement Act, 45 U.S.C. § 231b(f)(3), contains the "social security minimum guaranty provision." It says, in part, that:

> If ... the annuity to which an individual is entitled under this subchapter ... together with the annuity, if any, of the spouse of such individual, is less than the total amount, or the additional amount, which would have been payable to all persons ... under the Social Security Act ..., such annuity or annuities shall be increased proportionately to such total amount, or such additional amount.

45 U.S.C. § 231b(f)(3).

Under the Railroad Retirement Act, Margiotta's annuity is:

| | |
|---|---|
| Mr. Margiotta | $683.95 |
| Mrs. Margiotta | 0 |
| Darla Margiotta | 0 |
| | $683.95 |

Under the Social Security Act, Margiotta's annuity would be:

| | |
|---|---|
| Mr. Margiotta | $471.90 |
| Mrs. Margiotta | 193.75 |
| Darla Margiotta | 193.75 |
| | $859.40 |

This is the amount the Board has awarded Margiotta. Margiotta contends that the Act should be interpreted to provide him with an annuity equal to the maximum allowed for each annuitant under either Act. His computation is:

| | |
|---|---|
| Mr. Margiotta | $683.95 |
| Mrs. Margiotta | 193.75 |
| Darla Margiotta | 193.75 |
| | $1071.45 |

The meaning of this statute may not be plain to every reader. However, its legislative history clarifies the congressional intent. While the statute could appear to direct the award of an amount computed as Margiotta contends, such a reading would be inconsistent with the purpose Congress said it had.

Under the statute, the annuity payable under the Railroad Act is to be increased to the total amount "which would have been payable to all persons" under the Social Security Act. Legislative history confirms that Congress passed the statute to protect railroad retirees from receiving benefits less than those provided for under Social Security. Conf.Rep. No. 1215, 82d Cong., 1st Sess., *reprinted in* 1951 U.S.Code Cong. & Ad.News 2529, 2556. Thus, it would be curious if the Act directed the award of an annuity greater than the amount receivable under the Social Security Act.

The Senate Report gives the following example:

> To illustrate, if the total annuities to the employee and his spouse is $100 and if the employee's service were 'employment' the total of monthly benefits to the employee and his spouse under the Social Security Act would be $90, and if such employee and his spouse have a child under the age of 18 so that the monthly benefits to all three under the Social Security Act would be $110, the annuities of the employee and spouse would be increased proportionately to a total of $110.

S.Rep. No. 890, 82d Cong., 1st Sess. 65.

The Act intends a computation based on the total amount either Act would award. It does not contemplate a combination of the greatest amounts from each Act. This was the Board's view. Its decision is

AFFIRMED.